UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE VICTORES, et al.,

    Plaintiffs,

v.                                CASE NO. 8:13-CV-1719-T-17MAP

GEOVERA SPECIALTY
INSURANCE COMPANY,

    Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 7      Motion for Summary Judgment
Dkt. 15     Response
Dkt. 19     Reply

The Complaint includes Plaintiffs' claims for breach of contract and for declaratory judgment.

Defendant Geovera Specialty Insurance Company moves for entry of summary judgment as a matter of law, on the basis that the Surrender and Release executed by Plaintiffs in 2007 bars Plaintiffs from asserting the same claims against the released Defendant.

Plaintiffs oppose Defendant's Motion. Plaintiffs argue that the record demonstrates the Plaintiffs' claim did not accrue until after Plaintiffs signed the release in 2007, that the failed repair claim was not contemplated in that release, and that the release was unsupported by consideration in that Defendant only did what it was

Case No. 8:13-CV-1719-T-17MAP

statutorily required to do.

I. Standard of Review

Summary judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

> The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

The appropriate substantive law will guide the determination of which facts are material and which facts are...irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. See Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson, 477 U.S. at 248. But, "[i]f the evidence is merely colorable...or is not significantly probative...summary judgment may be granted." Id. at 249-50.

III. Discussion

The parties have included their Statements of Fact within the Motion for Summary Judgment and Response.

2

Case No. 8:13-CV-1719-T-17MAP

A. Preliminary Issue

After the Answer was filed, the parties did not file a case management report. Defendant moved for entry of summary judgment, and Plaintiffs moved to stay this case pending neutral evaluation.

In Plaintiffs' response, Plaintiffs argue that: 1) the burden is on Defendant on the defense of release, and to affirmatively show the absence of genuine issues of material fact; and 2) Plaintiffs have not had an adequate opportunity for discovery.

B. Defendant's Motion

Defendant seeks entry of summary judgment as a matter of law based on Plaintiffs' 2006 claim for damages for sinkhole activity at their property at 8712 Fountain Avenue, Tampa, FL, the payment of $210,567.00 to Plaintiffs, their mortgagee and public adjustor, and Plaintiffs' execution of a General Release and Settlement Agreement with Policy Surrender and Confidentiality Agreement ("Release and Surrender") on May 24, 2007.

Plaintiffs respond that the factual basis of the Complaint is a claim for failed repairs, and the Release and Surrender contains a latent ambiguity as to whether a failed repair claim would be barred. Plaintiffs argue that the expansive general release of potential claims against an insurer may be deemed ambiguous, and the scope of the release is a question of fact if it does not clarify which known or outstanding claims will be extinguished. See State Farm Automobile Insurance Company v. Nichols, 932 So.2d 1067, 1078-1080 (Fla. 2006). Plaintiffs also indicate additional factual issues as to the execution of the release and the intent of the parties, in light of the fact that Plaintiffs were not represented by counsel at the time of the execution of the Release. Plaintiffs also indicate that all correspondence and the release and settlement

Case No. 8:13-CV-1719-T-17MAP

agreement are in English, and Plaintiffs are Spanish-speaking.  Plaintiffs further argue that at the time of execution of the Release, some repairs were completed, but some recommended repairs were not.  Plaintiffs argue that the Release cannot bar a claim that had not matured at the time of settlement.

After consideration, the Court concludes that this case should proceed like every other insurance dispute before the Court.  The Court notes that Defendant has filed a motion for sanctions (Dkt. 10).  If Plaintiffs' claims are found to have no factual basis, Defendant may consider whether to seek additional sanctions.  The Court directs the parties to confer and file a case management report within fourteen days.  The Court will enter a Case Management Order.  The Court **denies** Defendant's Motion for Summary Judgment without prejudice.   Accordingly, it is

**ORDERED** that Defendant's Motion for Summary Judgment is **denied** without prejudice, and the parties shall file a case management report within fourteen days.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 3rd day of February, 2014.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record