UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE VICTORES, et al.,

    Plaintiff,

v.                                      CASE NO.  8:13-CV-1719-T-17MAP

GEOVERA SPECIALTY
INSURANCE COMPANY,

    Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 13  Motion to Stay Litigation Pending Neutral Evaluation
Dkt. 14  Response

This case includes Plaintiffs' claims for breach of contract and for declaratory judgment in connection with Plaintiffs' sinkhole claim against their homeowner's insurance carrier.   Plaintiffs move to stay this case pending neutral evaluation, pursuant to S. 627.704, Florida Statutes.

Defendant opposes Plaintiff's Motion.

I.  Discussion

Plaintiffs have requested that this case be stayed pending neutral evaluation in accordance with S. 627.7074, Florida Statutes.

Defendant responds that Plaintiffs surrendered their Policy in 2007.   In the

Case No. 8:13-CV-1719-T-17MAP

Release and Surrender Plaintiffs signed in 2007, Plaintiffs acknowledged that the subject policy would be null and void as of the date of execution of the Release, and Plaintiffs agreed to submit no other claims under the Policy, including supplemental claims for latent or undiscovered damages.  Defendant argues that Plaintiffs have no standing to invoke neutral evaluation.

      Defendant further argues that Defendant, as a Surplus Lines Insurer, is not subject to any provision of Chapter 627, <u>Florida</u> <u>Statutes</u>, unless the provision sought to be enforced specifically states that it applies to Surplus Lines Insurers.  <u>See</u> S. 626.913(4), <u>Florida</u> <u>Statutes</u>.  Defendant further argues that the Department of Financial Services, the agency charged with administering neutral evaluation of sinkhole claims, and other U.S. District Courts have determined that neutral evaluation is inapplicable to Surplus Lines Insurers.  <u>See</u> <u>Aspen Specialty Ins. Co. v. River Oaks of Palm Beach Homeowner's Ass'n, Inc.</u>, 2012 WL 3260398 (S.D. Fla. Aug. 8, 2012); <u>Lumpuy v. Scottsdale Ins. Co.</u>, 2011 WL 601551 (M.D. Fla. Nov. 30, 2011)(neutral evaluation of a loss involving a Surplus Lines Insurer can only be compelled where the insurance policy itself requires by its terms the same neutral evaluation process as set forth in <u>Fla</u>. <u>Stat</u>. Sec. 627.7074, and absent such provision, <u>Fla</u>. <u>Stat</u>. would not otherwise apply to a [Surplus Lines Insurer].

      Plaintiffs do not dispute that Plaintiffs surrendered their policy, and the unambiguous language of the Release and Surrender Plaintiffs executed signals Plaintiffs agreement to submit no supplemental claims for latent or undiscovered damages.  Plaintiffs do not dispute that Plaintiffs accepted $210,567.00 in consideration of the Release and Surrender.  However, in the response to Defendant's Motion for Summary Judgment, Plaintiffs assert that there are factual issues to be determined as to the execution of the release and the intent of the parties, and there are other issues that should be determined until after the opportunity for discovery.  Where there is any doubt as to the standing of the parties, the Court will defer that issue to the summary

Case No. 8:13-CV-1719-T-17MAP

judgment stage, when there is a full record.

Even if Plaintiffs have standing to request neutral evaluation, as a Surplus Lines Insurer, Defendant Geovera is exempt from S. 627.7074, Florida Statutes, as that statute does not include any language specifying its application to Surplus Lines Insurers. See S. 626.913(4), Florida Statutes. The insurance policy, if it remained in effect, does not require Defendant's participation in the neutral evaluation process. (Dkt. 1, pp. 6-19). After consideration, the Court denies Plaintiffs' Motion to Stay Pending Neutral Evaluation. Accordingly, it is

**ORDERED** that Plaintiffs' Motion to Stay Pending Neutral Evaluation (Dkt. 13) is **denied**.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 3rd day of February, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record